IN THE UNITED STATES DISTRICT COURT
FOR THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

DIANA RIVERA SOLIS, et al.,          )
                                     )
       Plaintiffs,                   )
                                     ) No. 13-12
       v.                            )

VIRGIN ISLANDS TELEPHONE CORP.,
et al.

       Defendants.

## OPINION AND ORDER

### SYNOPSIS

In this civil action, decedent was working on a project to install underground fiber optic cable at the time of the accident leading to his death. Plaintiffs allege that he was working for Bonneville Group, Inc. ("Bonneville"), which had been subcontracted by Defendant Virgin Islands Telephone Corp. ("VITELCO").[1] The Complaint avers that Defendant's employees or agents negligently parked one of its trucks, so that it blocked motorists' view of workers. According to Plaintiffs, Bonneville had hired Defendant Nolasco Communications, Inc. ("Nolasco"), whose employees were directing traffic at the site. Cars operated by Defendants Santana and Caines collided at the site, resulting in decedent's injury and eventual death. Plaintiffs' Amended Complaint states negligence claims against VITELCO (Count I), Nolasco (Count II), Santana (Count III), and Caines (Count IV).[2]

---

[1] VITELCO is named as doing business as Innovative Telephone, and is referred to in Plaintiffs' Complaint as the latter.

[2] A third driver involved in the accident, Lennard Jolly, was also charged with negligence. Mr. Jolly is no longer a Defendant to this action. Plaintiff did not oppose the entry of judgment in Mr. Jolly's favor, and judgment was entered by Order dated November 6, 2011.

Before the Court is Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs, relying on Hodge v. Virgin Islands Telephone Corp., 60 V.I. 105 (V.I. Super Ct. Apr. 11, 2014), seeks a ruling that VITELCO owed a non-delegable duty to the public and decedent. Also pending is Defendant Nolasco's Motion to Dismiss, based on the statute of limitations. For the following reason, Plaintiffs' Motion will be granted, and Nolasco's denied.

## OPINION

### I. NOLASCO'S MOTION TO DISMISS

Defendant Nolasco moves to dismiss the Amended Complaint against it as untimely. On August 26, 2014, Judge Cannon granted Plaintiff leave to file an Amended Complaint adding Nolasco as a Defendant. The Order noted that the statute of limitations had expired, but the Court found that the amendment should relate back to the date of the original complaint. Defendant Nolasco's December, 2014 Motion is, in effect, a request for reconsideration of Judge Cannon's rulings. The law of the case doctrine directs a District Court to exercise discretion, in that it "directs courts to refrain from re-deciding issues that were resolved earlier in the litigation." Public Interest Research Group v. Magnesium Elektron, 123 F.3d 111, 116 (3d Cir. N.J. 1997). At this juncture, I decline to reconsider the earlier ruling. Defendant's Motion to Dismiss will be denied.

### II. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

#### a. Summary Judgment Standard

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court must

examine the facts in a light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F. 2d 946, 949 (3d Cir. 1990). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. United States v. Omnicare, Inc., 382 F.3d 432 (3d Cir. 2004). Rule 56, however, mandates the entry of judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Pursuant to the District Court of the Virgin Islands Local Rule 56.1(b), a respondent to summary judgment must address the facts on which the movant has relied, either agreeing that the fact is undisputed generally or for purposes of the motion, or demonstrating that the fact is disputed. "The respondent shall affix to the response copies of, and cite to, the precise portions of the record relied upon as evidence of each material fact." Further,

> Federal Rule 56 explicitly requires the party asserting the absence or existence of a genuinely disputed fact to support that assertion by citing to specific parts of the record. … A court may consider other materials in the record, but need only consider cited materials, …and may consider undisputed any fact not properly addressed by the party opposing it. …

Ullrich v. United States Secy. of Veterans Affairs, 457 Fed. Appx. 132, 137 (3d Cir. 2012) (citations omitted).

### b. Factual Background

The territorial court found that VITELCO, in 1959, was granted a franchise to, inter alia, own, build, rebuild, and replace the public telephone system in the Virgin Islands.[3] Hodge, 60

---

[3] Plaintiffs have requested that I take judicial notice of the Hodge Court's finding that VITELCO was granted the franchise. VITELCO's franchise is relevant only to the Hodge court's holding regarding the Restatement (Second) of Torts § 428, which provides for liability of "[a]n individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority." My Opinion and Order today do not rest on Section 428, and I need not address Plaintiffs' request for judicial notice.

3

V.I. at 121-22.  It is undisputed that VITELCO entered into a contract with Bonneville for the installation of fiber optic cable, and that Bonneville then entered into a subcontract with Nalasco to provide "equipment and labor" for the completion of work, "in accordance with all provisions" of the contract between Bonneville and VITELCO.  VITELCO had no personnel, including flaggers or traffic control personnel, at the site.

At some point prior to February 8, 2012, in connection with the corporate Defendants' contracts, work began on a project to install fiber optic cable in the area at or near Concordia Road and Queen Mary Highway on St. Croix.  At the time of the accident alleged, Decedent was working on the project as an employee of Bonneville, pursuant to VITELCO's subcontract with Bonneville.  On February 8, 2012, a truck was parked on Concordia Road near the intersection of those two roads; VITELCO disputes that the truck belonged to VITELCO.[4]  The truck was blocking the lane and the view into the intersection.  Nolasco employees blocked off a portion of Concordia Road where men were working, leaving only one lane open for traffic on that road.  Further, Nolasco employees were responsible for controlling and directing traffic in and around the area.  The car driven by Defendant Santana was not stopped by the Nolasco flagmen, and proceeded into the intersection, colliding with the car driven by Defendant Caines, which in turn collided with another vehicle.  Defendant Santana's car continued traveling and hit decedent, causing fatal injury.

---

[4] In support of many of these facts, Plaintiff cites to a police report and deposition testimony from a different case, in which Mr. Santana sued Bonneville and VITELCO.  I note case law contrary to Defendants' contention, in its Reply brief and elsewhere, that the police report and depositions from other litigation have no role here.  "In the Third Circuit, 'hearsay statements can be considered on a motion for summary judgment if they are capable of admission at trial.' … Generally, police reports are admissible under the 'public records" exception to the hearsay rule. …' and are properly considered in the summary judgment context."  Marquez v. City of Philadelphia, 2015 U.S. Dist. LEXIS 115938 (E.D. Pa. Sept. 1, 2015).  Moreover, courts "have found depositions properly considered even if taken in a prior case involving different parties."  Woynar v. Chitwood, 2012 U.S. Dist. LEXIS 16601, at *3 (M.D. Fla. Feb. 10, 2012); Jordan v. Miller, 2008 U.S. Dist. LEXIS 5286, at *4 (S.D. Ohio Jan. 24, 2008).  I needn't conclusively determine the propriety of considering these materials, as the facts contained therein (and those not deemed undisputed in accordance with Fed. R. Civ. P. 56(e)) are not material to today's Opinion and Order.  I include them here, however, for purposes of background.

### c. Collateral Estoppel

Plaintiffs' Motion is based on the potential preclusive effect of Hodge v. Virgin Islands Telephone Corp., 60 V.I. 105 (V.I. Super Ct. 2014).  In Hodge, plaintiff alleged injuries when she was struck in the head by a falling cable.  In that case, VITELCO contracted with Bonneville to install fiber optic cable, and Bonneville subcontracted with Nolasco.  Id. at 108.  Plaintiff alleged negligence on the part of all three entities.  Id.  VITELCO conceded that Nolasco was negligent when installing the aboveground cable.  Id. at 25.  The territorial court considered whether VITELCO, as the employer of an independent contractor, owed plaintiff a duty of care.  In so doing, the court adopted Restatement (Second) of Torts 417, which provides as follows:

> One who employs an independent contractor to do work in a public place which unless carefully done involves a risk of making the physical condition of the place dangerous for the use of members of the public, is subject to liability for physical harm caused to members of the public by a negligent act or omission of the contractor which makes the physical condition of the place dangerous for their use.

Restatement (Second) of Torts § 417.

The court concluded that Section 417 applied.  It determined that the installation of fiber optic cable "involves a risk of making the physical condition of the place dangerous for the use of members of the public because it necessitates the physical alteration of public highways and sidewalks."  Hodge, 60 V.I. at 117.  Further, it was undisputed that VITELCO hired Bonneville, and Bonneville hired Nolasco, to do the fiber optic work; and VITELCO did not dispute that Nolasco was negligent.  Id. at 117-18.  Thus, pursuant to the nondelegable duty imposed by Section 417, the court found plaintiff entitled to judgment as a matter of law as to liability.  Id. at 118.

5

The current Plaintiffs argue that Hodge entitles them, as well, to summary judgment in this case. In particular, Plaintiffs seek a judgment that VITELCO is liable for Nolasco employees' failures in controlling traffic. Collateral estoppel, or issue preclusion, applies where "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." Cospito v. AG of the United States, 539 F.3d 166, 171 (3d Cir. 2008). The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts give state court decisions "the same preclusive effect they would be given in the courts of the rendering state." Del. River Port Auth, 290 F.3d 567, 573 (3d Cir. 2002). Collateral estoppel applies to issues of fact or law. Metro. Edison Co. v. Pa. PUC, 767 F.3d 335, 350 (3d Cir. Pa. 2014).

Here, to the extent of the Hodge court's Section 417 holding, the requirements of collateral estoppel are met. The identical issue – whether VITELCO could be held liable for an independent contractor's negligence -- was actually litigated in Hodge. Defendant suggests that factual distinctions preclude a finding of identity of issues, because in Hodge, the subcontractor's negligence was undisputed, and because it has not been established that the work involved in Hodge was the same as the work being done in this case. Those distinctions, however, are of no moment to Section 417, and therefore are of no moment to the present question. At stake is whether, if Nolasco is found negligent, VITELCO can be held responsible for that negligence on the same grounds found by the Hodge court. Those grounds, in turn, rested on the relationships between the corporate Defendants vis-à-vis the work project, and the court's conclusion that the installation of fiber optic cables necessitated physical alteration of the highways while the work was ongoing. There is no dispute that the relationship between the three corporate Defendants

to this case are the same as they were in Hodge, and that the work being done in both cases involved installing fiber optic cables.  Moreover, the liability determination was, unquestionably, essential to the territorial court's decision, and VITELCO was fully represented in Hodge, by the same law firm involved in this matter.  The territorial court decided that the Section expressed the common law of the Virgin Islands, adopted it accordingly, and applied it to virtually identical facts material to Section 417; that Section must be applied in this case.  For these reasons, Defendant is collaterally estopped from disclaiming liability for the negligence of its independent contractors here.  Whether such negligence occurred, and whether it caused Plaintiffs' injuries, remain extant questions for the jury.

      Defendant argues, however, that equitable exceptions should prevent the entry of judgment in Plaintiffs' favor.  In particular, it contends that the lack of "mutuality of estoppel" is fatal.  In the first instance, offensive non-mutual collateral estoppel, as generations of baffled first-year civil procedure students would testify, is widely recognized and applied.  Defendant also points to non-mutuality as a consideration when assessing several equitable exceptions to collateral estoppel.  The cited exceptions involve a party's inability to obtain review of the judgment in the prior action; changes in applicable legal context; and a clear and convincing need for a new determination of the issues.  None of those exceptions apply here.  Moreover, I note that this case presents no particular or unusual potential for unfairness should collateral estoppel be applied.  In other words, Defendant does not identify any circumstances that would warrant employment of the equitable exceptions asserted.

      Finally, Defendant contends that the work involved in this case did not present a "peculiar risk," as defined in the Restatement (Third) of Torts 59.  As the Hodge court observed, Section 417 does not refer to a "peculiar risk."  Hodge, 60 V.I. at 118, n. 41.  Thus, the

7

peculiarity of the risk, per se, is irrelevant to the present estoppel argument. At the heart of Defendant's position, however, is an appealing argument that the risk of the activity that allegedly caused harm in this case – i.e., controlling traffic – differs from the risk posed in Hodge – i.e., installing overhead cable; and also that the potential risk of harm involved in the work in this case was not the type of risk contemplated by Section 417. The "risk" identified in Section 417, as Defendant points out, is the risk of "making the physical condition of the place dangerous for the use of members of the public." Defendant's argument suggests a disconnect between the allegedly negligent act in this case -- again, controlling traffic -- and altering the physical condition of the environment. Indeed, it contends that there is no evidence in this case that the public sidewalks or highways were physically altered at all. This, it avows, distinguishes the Hodge court's finding that the work in that case fit within Section 417 because it "necessitated the physical alteration of public highways and sidewalks."

Regrettably, neither the caselaw nor scholarly publications provide much guidance as to the contours of Section 417. It is true that generally speaking, an injury unrelated to the risks posed by the work involved might not justify a departure from the general rule of non-liability. However, the facts at bar do not present such a situation. It is undisputed that Defendants' work of installing fiber optic cable involved, in this case, blocking part of the roadway. This altered the physical condition and usual use of the road. Indeed, it was this revision that necessitated the service of the allegedly negligent flagmen. It is difficult to avoid the conclusion that the change to the roadway constituted a "physical alteration," however temporary; blocking the road with a barrier or a truck is no less a tangible modification than blocking the road by disturbing the asphalt.[5] Moreover, I note that the words "physical alteration," although used by the territorial court, do not appear on the face of Section 417. That Section refers instead to "work in a public

---

[5] Thus, this is true even if the work itself was primarily aerial.

place which unless carefully done involves a risk of making the physical condition of the place dangerous for the use of members of the public." Work that encompasses blocking a roadway or altering the usual course of traffic, as it did in this case, involves such a risk. Under all of the circumstances, Defendant's arguments must be rejected.

## CONCLUSION

In conclusion, the <u>Hodge</u> court's ruling on Defendant's nondelegable duty pursuant to Section 417 shall be given preclusive effect in this matter. Moreover, Defendant Nolasco's Motion to Dismiss will be denied.

## ORDER

AND NOW, this 4th day of December, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant Nolasco's Motion to Dismiss [72] is DENIED. Plaintiffs' Motion for Summary Judgment [85] is GRANTED, to the extent stated in the foregoing Opinion. A telephone conference is scheduled for Thursday, Dec. 10, 2015, at 10:00 AM, eastern time. Plaintiff's counsel shall initiate the conference.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court