**IN THE UNITED STATES DISTRICT COURT**
**FOR THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

DIANA RIVERA SOLIS, et al.,                )
                                                               )
        Plaintiffs,                                      )
                                                               ) No. 13-12
        v.                                                  )

VIRGIN ISLANDS TELEPHONE CORP.,
et al.

        Defendants.

**MEMORANDUM ORDER**

Briefly summarized, this case involves decedent's death, allegedly resulting from a multi-car accident occurring at the roadway site of a construction project at which decedent was working.  Leonard Jolly was driving a vehicle that was involved in the accident, and the Court entered judgment in his favor following an unopposed summary judgment motion.  Before the Court is Leonard Jolly's Motion for fees pursuant to 5 V.I.C. § 541(b), and costs pursuant to that Section along with Fed. R. Civ. P. 54(d)(1).

**A.  Attorney Fees**

Defendant Jolly seeks $22,020.00 in attorney fees, pursuant to Section 541.  That Section provides, in relevant part that "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto…provided, however, the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed…is frivolous." 5

1

V.I.C. § 541(b).[1]  "Frivolous" is defined, in pertinent part, as without legal or factual merit.  Id. at § 541(c).

Both Plaintiffs and Mr. Jolly recount the facts of this case, Mr. Jolly with an eye towards establishing that the facts available to Plaintiffs prior to filing the lawsuit patently demonstrated that he was not at fault.  After a default against him was set aside at Plaintiffs' request, Mr. Jolly filed an answer to Plaintiffs' Complaint.  Eventually, the Court ordered the parties to mediation. Mr. Jolly requested dismissal from the lawsuit soon after it was filed, but Plaintiff did not accede to that request.  Discovery ensued.  Eventually, Mr. Jolly moved for summary judgment, and Plaintiffs did not oppose the Motion, which was granted accordingly.  Mr. Jolly argues that Plaintiffs' lawsuit, or the unwillingness to voluntarily dismiss him therefrom, entitles him to fees.

In turn, Plaintiffs assert that they were unwilling to dismiss a party involved in the incident without first gathering evidence to clarify potential inconsistencies in witness statements, and ensure that they had complete information.  Moreover, they claim that they were unwilling to voluntarily dismiss Defendant Jolly prior to the completion of a certain deposition, which they worked diligently to schedule; that deposition, through no fault of Plaintiffs' counsel, did not occur prior to Mr. Jolly's summary judgment motion.  At that point, Plaintiffs permitted the case to move to a judicial determination of no liability on Mr. Jolly's part.  Mr. Jolly insists that factual discrepancies at issue did not relate to him, and that the facts regarding his involvement were clear immediately after the accident.  There is no requirement, however, that an injured party credit a police or witness statement prior to filing suit.  I note, too, that other avenues to seek earlier dismissal were available to Mr. Jolly had he believed the case against him

---

[1]The purpose of this Section "is to protect plaintiff's personal injury lawyers. Personal injury litigation is generally performed on contingent-fee basis; this allows clients who lack the resources to pay for legal representation to obtain counsel, and rewards attorneys who accept such work with a substantial fee …for the risk of undertaking work that may bear no financial reward."  Ryan v. Ryan, 53 V.I. 140 (V.I. Super. Ct. 2010).

meritless or frivolous, prior to discovery.  Under all of the circumstances, I find that Plaintiffs'

proceedings against Mr. Jolly were not frivolous, as contemplated by Section 541.   Therefore, a

fee award is statutorily prohibited.

    **B.  Costs**

    Plaintiff seeks costs under Section 541(a) and Rule 54(d), which permit an award of

certain costs to a prevailing party.  Jolly's request for $1,159.00 in costs includes $595.00 related

to mediation, to which Plaintiffs object. Jolly contends that Plaintiffs refused to dismiss him from

the case, and forced him to mediate, thus constituting bad faith and entitling him to mediation

costs.   Plaintiffs do not object to the remaining $564.00 sought.  "[M]ediation costs are not

among the costs listed in 5 V.I.C. § 541," and are typically disallowed.  M & N Aviation, Inc. v.

United Parcel Service, Inc., 2014 U.S. Dist. LEXIS 37382 (D.V.I. Mar. 21, 2014); Ryan v. Ryan,

53 V.I. 140 (V.I. Super. Ct. 2010).   Moreover, for reasons similar to those discussed supra, I

find no bad faith in Plaintiffs' conduct regarding mediation.  Mr. Jolly will be awarded costs in

the amount of $564.00.

    AND NOW, this 18th day of February, 2016, Mr. Jolly's Motion for Attorney Fees and

Costs is DENIED in part and GRANTED in part.  Mr. Jolly is hereby awarded $564.00 in costs.

                                    BY THE COURT:

                                    /s/Donetta W. Ambrose

                                    Donetta W. Ambrose

                                    Senior Judge, U.S. District Court