IN THE UNITED STATES DISTRICT COURT
FOR THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

DIANA RIVERA SOLIS, et al., )
 )
    Plaintiffs, )
 ) No. 13-12
    v.

VIRGIN ISLANDS TELEPHONE CORP.,
et al.

    Defendants.

OPINION AND ORDER

SYNOPSIS

In this civil action, as more fully recited in my Order dated December 4, 2015, decedent was working on a project to install underground fiber optic cable at the time of the accident leading to his death. The Complaint's claims aver that Defendant VITELCO's employees or agents negligently parked a truck in a spot that blocked motorists' view of workers, and negligently managed traffic. Allegedly as the result of Defendant's conduct, Defendant Santana's car struck decedent.

Before the Court is Plaintiffs' Motion for Partial Summary Judgment, which seeks a ruling that 20 V.I.C. § 555, which caps the recovery of non-economic damages, does not apply to this case. For the following reasons, Plaintiffs' Motion will be granted.

I.   APPLICABLE STANDARD

Pursuant to Fed. R. Civ. P. 56, summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to

judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court must examine the facts in a light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F. 2d 946, 949 (3d Cir. 1990). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. United States v. Omnicare, Inc., 382 F.3d 432 (3d Cir. 2004). Rule 56, however, mandates the entry of judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

## II. PLAINTIFFS' MOTION

Section 555 reads, in pertinent part, as follows:

The total amount recoverable for non-economic damages for any injury to a person in an action arising out of a motor vehicle accident may not exceed $ 100,000….[1]

20 V.I.C. § 555.

"[T]he starting point for interpreting a statute is the language of the statute itself." …When words are not defined within the statute, we construe them "in accordance with [their] ordinary or natural meaning." Bonkowski v. Oberg Indus., 787 F.3d 190, 199 (3d Cir. 2015) (citations omitted); see also Rohn v. People of the Virgin Islands, 57 V.I. 637, 643 (V.I. 2012). Accordingly, "[t]he words of a statute are not to be lightly jettisoned by courts looking to impose their own logic on a statutory scheme." IUE-CWA v. Visteon Corp. (In re Visteon Corp.), 612 F.3d 210 (3d Cir. 2010). Moreover, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat'l Bank v. Germain, 503 U.S.

---

[1] The statute further provides that "this limitation shall not apply upon a finding of gross negligence or willful conduct." 20 V.I.C. § 555. Neither gross negligence nor willful misconduct is at issue here.

249, 253-54, 112 S. Ct. 1146, 117 L. Ed. 2d 391 (1992).  Similarly, I must presume that the words chosen by the legislature are those best suited to reflect the purpose of the statute. Citizens Council of Delaware County v. Brinegar, 741 F.2d 584, 591 (3d Cir. 1984).

In accordance with applicable standards, therefore, I look to the statutory language, in light of its ordinary meaning.  Because there is no dispute that decedent was struck by a car in this case, there is no question that a "motor vehicle accident" was involved in the causation of Plaintiffs' injuries.  According to the plain language of Section 555, however, its applicability depends on an action – and not an incident, accident, or injury – that arises out of a motor vehicle accident.  This is plain, as the statute limits "damages for any injury…in an action arising out of" a car accident; it does not limit "damages for any injury arising out of" a car accident.   In this context, the term "action" clearly refers to a lawsuit.  See Black's Law Dictionary 28-29 (7th ed. 1999); see also Fed. R. Civ. P. 2.  Moreover, to "arise from," in this context and in common usage, means to happen or exist as a result of something.  Encarta Dictionary, Microsoft Word 2010.

Defendant argues that Washington v. Hovensa, LLC, 2011 U.S. Dist. LEXIS 131334 (D.V.I. Nov. 10, 2011), favors its position.  In that case, plaintiff was driving by an area where a sandblasting project was underway, and was injured when sandblasting material struck her car. Id. at **2-3.  The court phrased the inquiry as whether plaintiff's "injuries arose out of a motor vehicle accident."  Id. at *10.   It then found Section 555 inapplicable, as plaintiff "happened to be driving her car," but would have been injured if she had been sitting in her car eating lunch, or walking down the road; as the court stated, "[t]his is not a case of two cars crashing, or of one car hitting a stationary object and personal injuries resulting." Id. at **10-11.  Instead, the court suggested that the vehicle was irrelevant to plaintiff's injuries.  Id. at *10.  As such, "the incident

3

alleged …cannot be said…to arise out of a motor vehicle accident." Id. at **10-11.  Defendant suggests, therefore, that Washington stands for the proposition that if a plaintiff's injuries were directly and proximately caused by the operation of a motor vehicle – as opposed to the wholly tangential involvement of a car, as was the case in Washington -- the action is one "arising out of a motor vehicle accident."

In turn, in support of their position, Plaintiffs point to Owens v. VI Misc. Servs., 2005 V.I. LEXIS 17 (V.I. Super. Ct. Oct. 3, 2005), in which the court considered whether Section 555 applied to plaintiff's claim of injury when a vehicle's airbags improperly deployed when the vehicle was struck from behind.  Plaintiffs alleged that the vehicle was defective.  Id. at *2.  Finding Section 555 inapplicable, the court held that the statutory cap "does not apply to a retailer or manufacturer when the basis for liability rests on principles of products liability."  Id. at *6.  It further stated, "[t]he law applies only to damages arising from the negligent operation of a motor vehicle, and not to damages arising from defects in the vehicle itself."  Id. at *7.  The court noted that in enacting Section 555, the legislature did not intend to insulate products liability defendants from non-economic damages; instead, it intended to ensure sufficient motor vehicle insurance capacity, and protect insurance carriers as well as vehicle owners and operators.  Id. at **6-7.  Therefore, in Owens, a motor vehicle accident was clearly involved in causing plaintiff's injuries, but the court's analysis rested instead on the nature of plaintiff's lawsuit.

The recently-decided case of Davis v. Am. Youth Soccer Org., 2016 V.I. LEXIS 3 (V.I. Super. Ct. Jan. 20, 2016), puts to rest the potential divide between Owens' "basis of liability" approach and Washington's injury-focused approach.  In Davis, the plaintiff was injured when he ran off of a soccer field abutting a road, and was struck by a car.  Id. at *2.  He sued multiple

4

parties, including the driver for negligently operating the vehicle, and the overseeing youth soccer organization for negligently supervising the soccer activities.  Id. at **20-21.  The court observed that the "key phrase 'an action arising out of a motor vehicle accident' should be narrowly read…and does not extend to every case where a vehicle may be involved in the underlying fact pattern."  Id. at *9.  Accordingly, the court found that "only motor vehicle operators fall within the law's protective aegis."  Id. at *18.   It held, therefore, that the action against the defendant-driver of the vehicle was one "arising out of a motor vehicle accident"; the action against the soccer organization was not, because the organization did not operate any motor vehicle that contributed to plaintiff's injuries.  Id. at *21.

Here, the pertinent facts are not at issue.  Although there is no question that decedent's death involved a motor vehicle accident, there is also no question that Plaintiff's claims against the moving Defendant do not implicate Defendant's operation of a vehicle that caused plaintiff's injuries.  Under Owens and Davis, therefore, the present action does not arise from the motor vehicle accident within the meaning of Section 555.[2]

## CONCLUSION

In conclusion, Plaintiffs' Motion will be granted as regards their action against Defendant VITELCO.  Under the particular facts of this case, Section 555 does not apply to cap non-economic damages in that action.  An appropriate Order follows.

---

[2] The court in Washington placed the focus on whether "[plaintiff's] injuries arose out of a motor vehicle accident"; indeed, Owens, despite its focus on the cause of action asserted, stated that the statute applies to "damages arising from the negligent operation of a motor vehicle."  Such phrasing entirely fails to account for the statutory language "in an action" that intervenes between "any injury" and "arising out of."  Insofar as either Washington or Owen can be read to suggest that the appropriate inquiry concentrates on the causal nexus between a vehicle and a plaintiff's injury, that suggestion is inconsistent with the language of Section 555.

## ORDER OF COURT

AND NOW, this 10th day of March, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Partial Summary Judgment is GRANTED.

        BY THE COURT:

        <u>/s/Donetta W. Ambrose</u>

        Donetta W. Ambrose

        Senior Judge, U.S. District Court