IN THE UNITED STATES DISTRICT COURT
FOR THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| DIANA RIVERA SOLIS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 13-12 |
| v. | |
| | |
| VIRGIN ISLANDS TELEPHONE CORP., et al. | |
| | |
| Defendants. | |

**MEMORANDUM ORDER**

Before the Court is Defendant VITELCO's Motion in Limine, seeking to limit the trial testimony of Daren Marceau, President of Forensic Traffic Specialists, PLLC.  Defendant seeks to exclude certain testimony by Mr. Marceau, on grounds that the testimony first surfaced during his February 22, 2016 deposition, and was not contained in his report.  Moreover, Defendant contends that its own expert, who responded to Mr. Marceau's report, was deposed on February 12, 2016, prior to Mr. Marceau's deposition.   In particular, Defendant seeks to preclude Mr. Marceau from testifying at trial regarding its ultimate responsibility or duty in this case.   Upon deposition, Mr. Marceau testified that his opinion regarding VITELCO's responsibility was based on this Court's December 5, 2015 Order regarding non-delegable duty, as well as on a deposition of Matthew Muckelbauer, a VITELCO employee, which post-dated Mr. Marceau's report.  At Mr. Muckelbauer's deposition, a master contract between Motorola and VITELCO entities (the "Motorola contract") was produced.

Defendant argues that because Mr. Marceau's expert report did not address Defendant's responsibility for pertinent events, and that report was never supplemented, Fed. R. Civ. P. 26

1

precludes Mr. Marceau from testifying thereto at trial.  Defendant also argues that Mr. Marceau is not qualified to offer an opinion on contractual roles, responsibilities, or liability.  Plaintiffs, in turn, concede that Mr. Marceau's report focused on the traffic control plan and the actions and inactions of Nolasco.  They argue, however, that Rule 26 imposes no obligation to provide supplemental or corrective information otherwise made known to the parties in writing or during discovery.

Neither Rule 26 nor the reach of Mr. Marceau's expertise, however, is dispositive here.  Instead, even assuming that Mr. Marceau is qualified in all pertinent respects, the determinative concern is the nature of the challenged testimony.  F.R.E. 704 permits an expert to opine as to the "ultimate issue" in a case, but not about the ultimate legal conclusion, the law, or legal standards.  Instead, under F.R.E. 702, matters of law are inappropriate subjects for expert testimony.  See VIM, Inc. v. Somerset Hotel Ass'n, 19 F. Supp. 2d 422, 428 (W.D. Pa. 1998).  Courts are guided by the principle that expert opinion should be prohibited if it "would interfere with the district court's 'pivotal role in explaining the law to the jury.'"  Patrick v. Moorman, 536 Fed. Appx. 255, 258 (3d Cir. 2013).  Likewise, a court must take care that the expert's opinion does not invade the province of the jury.  See  Palmer v. C&D Techs., Inc., 2015 U.S. Dist. LEXIS 95617, at *18(E.D. Pa. July 22, 2015).

Accordingly, "[t]he district court must limit expert testimony so as to not allow experts to opine on 'what the law required' ….'"  Casper v. SMG, 389 F. Supp. 2d 618, 621 (D.N.J. 2005) (quoting United States v. Leo, 941 F.2d 181, 196-97 (3d Cir. 1991)).  Similarly, an expert may not offer an opinion regarding the legal obligations of the parties to a contract, the scope of a party's duties, or the ramifications thereof.  See, e.g., Cryovac Inc. v. Pechiney Plastic Packaging, Inc., 430 F. Supp. 2d 346, 365 (D. Del. 2006) (collecting cases); Hanspard v. Otis

2

Elevator Co., 2007 U.S. Dist. LEXIS 2694, at *7 (W.D. La. Jan. 12, 2007).  Moreover, absent specialized circumstances not present in this case, an expert may not opine to the meaning of contractual terms.  iGames Entm't, Inc. v. Chex Servs., 2005 U.S. Dist. LEXIS 39049, at *8 (D. Del. June 9, 2005) (collecting cases).  In sum, expert opinion that interprets a contract, or strays into the realm of legal conclusions about contractual obligations, intrudes on the roles of the Court and the jury and is impermissible.  See Palmer, 2015 U.S. Dist. LEXIS 95617, at *18; see also Snyder v. Wells Fargo Bank, N.A., 594 Fed. Appx. 710, 714 (2d Cir. N.Y. 2014); SJB Group, LLC v. TBE Group, Inc., 2013 U.S. Dist. LEXIS 117729 (M.D. La. Aug. 19, 2013).

The precise parameters of Mr. Marceau's proposed, objected-to testimony are unclear, of course, as Mr. Marceau's opinions regarding VITELCO do not appear in his report.  It appears that Defendant's Motion was prompted by Mr. Marceau's statement, at his deposition, that "…Vitelco, as the ultimate responsible party, had a duty to provide not only safety for workers but safety for the roadway users…."  Mr. Marceau may not, before the jury, opine regarding the effect of this Court's legal conclusions, or the legal obligations imposed by a contract.  In other words, Mr. Marceau will not be permitted to opine that VITELCO had a non-delegable duty in this case, that Nolasco's negligence can be imputed to VITELCO, or that the Motorola contract created certain legal obligations in VITELCO.   In sum, it is the Court's responsibility to instruct the jury on the law, as appropriate; it is then the jury's responsibility to apply that law to the facts.  Defendant's Motion in Limine is granted, to that extent.[1]

---

[1] I do not address the admissibility of the Motorola contract or fact testimony regarding that contract.  My decision today is limited to the issues directly raised by the parties' submissions.  Accordingly, today's ruling is not to be construed as broadly precluding Mr. Marceau's testimony from touching on any subject relating to VITELCO and/or the Motorola contract.

3

AND NOW, this 21st day of April, 2016, IT IS SO ORDERED.

        BY THE COURT:

        /s/Donetta W. Ambrose

        _____

        Donetta W. Ambrose

        Senior Judge, U.S. District Court